IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-457-D

| | | |
|---|---|---|
| MICHAEL A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Michael A. Davis ("Plaintiff") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for Supplemental Security Income (SSI). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be granted, Defendant's Motion for Judgment on the Pleadings [DE-25] be denied, and the matter be remanded to the Commissioner for further consideration.

**STATEMENT OF THE CASE**

Plaintiff protectively filed an application for SSI on December 29, 2010 (Tr. 114), alleging disability beginning December 1, 2008 (Tr. 190). The applications were denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 114, 132, 146-53.) On April 17, 2013,

a hearing was held before Administrative Law Judge Wanda L. Wright ("ALJ"), who issued an unfavorable ruling on May 31, 2013. (Tr. 20, 65.) On July 24, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

**I.  Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

2

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 416.920a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id*. § 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id*. § 416.920a(e)(3).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since December 29, 2010. (Tr. 14.) Next, the ALJ

3

determined Plaintiff had the following severe impairments: "diabetes, hypertension, degenerative disc disease, degenerative joint disease, arthritis, depression, a history of alcohol abuse, paranoid schizophrenia, depression [sic] and diabetic neuropathy." (*Id.*) However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-15.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform less than a full range of light work and provided the following limitations:

> [T]he claimant can lift and carry ten pounds frequently and twenty pounds on an occasional basis. However, he is required to avoid moving machinery and exposure to unprotected heights and he is unable to read small print. Finally, the claimant is required to avoid interaction with the general public and he is unable to work with small objects.

(Tr. 15.) In making this assessment, the ALJ found Plaintiff's statements about the severity of his symptoms not fully credible. (Tr. 16.) At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of his past relevant work. (Tr. 19.) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience and RFC, the ALJ determined Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national and state economies. (Tr. 19-20.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in her evaluation of Plaintiff's therapist's opinion. Second, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's schizophrenia under Listing 12.03.

### A. Therapist's Opinion

Plaintiff asserts that the ALJ erred by improperly evaluating the opinions of Plaintiff's treating therapist, Sherry Bland, in violation of SSR 06-03p. SSR 06-03p requires ALJs to consider certain factors when weighing a treating source's opinion. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). "Medical opinions are statements from physicians and psychologists or other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can do despite the impairment(s), and physical and mental restrictions." SSR 06-03p, 2006 WL 2329939 at *2. Licensed therapists are considered medical sources which are not "acceptable medical sources. *Id.* Opinions from medical sources which are not "acceptable medical sources" "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at 3.

Sherry Bland is a licensed counselor at the Right Foundation. Records show Plaintiff was a patient at the Right Foundation from November 22, 2011, until the time of the hearing. A large majority of the records are illegible. Ms. Bland's medical source statement from February 13, 2013 is legible, but the undersigned is unable to determine whether her determinations are supported by the almost two years of mental health records provided by the Right Foundation and Alternative Care Treatment Systems.[1] Treatment notes from both locations are largely illegible. From the limited information the undersigned may glean from the records, Plaintiff was being treated for paranoid schizophrenia and depression.

The ALJ gave Ms. Bland's medical source statement limited probative weight because she is "a case worker rather than a physician or psychologist" and she saw Plaintiff for no more than

---

[1] Alternative Care Treatment Systems is another location at which Plaintiff sought mental health treatment between December 2010 and May 2012.

four months. (Tr. 18.) The ALJ further stated, "More importantly, the findings made by [Ms. Bland] are largely inconsistent with the limited record of mental health treatment . . . ." (*Id.*)

Because a large majority of Plaintiff's mental health records from November 2011 forward are illegible, the undersigned is unable to determine whether the ALJ's assessment of Ms. Bland's medical source statement is supported by substantial evidence. Therefore, the case should be remanded in order for the ALJ to address the consistency of Ms. Bland's opinion with the medical record.

### B. Listing 12.03

Next, Plaintiff contends that the ALJ erred by not considering Plaintiff's schizophrenia under Listing 12.03. The ALJ addressed Listings 1.02, 1.04, 4.04, 12.04, and 12.09 but did not directly address Listing 12.03 even though she found Plaintiff's paranoid schizophrenia to be a severe impairment.

The burden of proof at step three is on the claimant to show that he meets or equals all the criteria of a listing. *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). If an impairment does not meet the criteria of a listing, it may nevertheless medically equal the criteria. 20 C.F.R. § 404.1525(e)(5). To establish medical equivalence, a claimant must "present medical findings equal in severity to all the criteria" for that listing. *Zebley*, 493 U.S. at 531. "The [ALJ] . . . is responsible for deciding . . . whether a listing is met or equaled." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). In determining whether a listing is met or equaled, the ALJ must "consider all evidence in

[claimant's] case record about [the] impairment(s) and its effects on [claimant] that is relevant to this finding." 20 C.F.R. §§ 404.1526(c), 416.926(c).

Where a claimant has a severe impairment and the record contains ample evidence that symptoms related to the impairment "correspond to some or all of the requirements of a listing," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). While it may not always be necessary for the ALJ to perform a "step-by-step" analysis of the listing's criteria, the ALJ must evaluate the claimant's symptoms in light of the specified medical criteria and explain her rationale. *Williams v. Astrue*, No. 5:11-CV-409-D, 2012 WL 4321390 (E.D.N.C. Sept. 20, 2012). Where the ALJ fails to make the necessary comparison or fails to explain the basis for her decision other than in a summary or conclusory fashion, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Cook*, 783F.2d at 1173; *cf. Johnson v. Astrue*, 5:08-CV-515-FL, 2009 WL 3648551, at *2 (E.D.N.C. Nov. 3, 2009) ("Meaningful review may be possible even absent the explicit step-by-step analysis set out in *Cook* where the ALJ discusses in detail the evidence presented and adequately explains his consideration thereof.").

Listing 12.03 reads as follows:

12.03 Schizophrenic, Paranoid and Other Disorders: Characterized by the onset of psychotic features with deterioration from a previous level of functioning.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one or more of the following:

1. Delusions or hallucinations; or

2. Catatonic or other grossly disorganized behavior; or

7

3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech is associated with one of the following:

a. Blunt affect; or

b. Flat affect; or

c. Inappropriate affect; or

4. Emotional withdrawal and/or isolation;

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication of psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. § 404, Subpt. P, App. 1, 12.03.

The government maintains that though the ALJ did not directly address Listing 12.03, she adequately addressed Plaintiff's mental impairments in her discussion concerning Listing 12.04

8

Case 5:14-cv-00457-D   Document 28   Filed 07/10/15   Page 8 of 10

(affective disorders) and 12.09 (personality disorders) and "considered the substance of the relevant criteria contained in [Listing 12.03]." (Def.'s Mem. Supp. Mot. J. Pleadings at 14.). However, the criteria under Listing 12.03 and Listings 12.04 and 12.09 are not the same. Plaintiff has been diagnosed with paranoid schizophrenia and has received treatment for this condition since at least November 2011. (Tr. 723-24, 801, 803, 806, 841,-42, 873-75, 896, 899.) Moreover, the medical records indicate Plaintiff suffers from hallucinations and suffers from other physical and mental impairments, which the ALJ found to be severe impairments. (Tr. 717, 724, 726, 793, 807, 871, 873-75.) Thus, it was error for the ALJ not to address Listing 12.03, and the case should be remanded for further consideration.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE-25] be DENIED, and the case be REMANDED to the Commissioner for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **July 27, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 10th day of July 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge